# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**MERANDA M. SMITH**　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**V.**　　　　　　　**CASE NO. 4:18-CV-00738 SWW-JTK**

**ANDREW SAUL,**
**Commissioner of Social Security Administration**[1]　　　　　**DEFENDANT**

## RECOMMENDED DISPOSITION

**I.　Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to District Judge Susan Webber Wright. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.　Introduction:**

Plaintiff, Meranda M. Smith ("Smith"), applied for disability benefits on February 8, 2016, alleging disability beginning on October 20, 2013.[2] (Tr. at 18). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 30). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

[2] She amended her alleged onset date to February 1, 2016. (Tr. at 19).

Commissioner, and Smith has requested judicial review.

For the reasons stated below, this Court should affirm the decision of the Commissioner.

## III. The Commissioner's Decision:

The ALJ found that Smith had not engaged in substantial gainful activity since the alleged onset date of February 1, 2016. (Tr. at 22). The ALJ found, at Step Two of the sequential five-step analysis, that Smith had the following severe impairments: degenerative disc disease of the lumbar spine with bulging disc at L3-L4 and L5-S1, fibromyalgia, anxiety, and depression. *Id*.

At Step Three, the ALJ determined that Smith's impairments did not meet or equal a listed impairment. *Id*. Before proceeding to Step Four, the ALJ determined that Smith had the residual functional capacity ("RFC") to perform light work with restrictions: 1) she is limited to work involving simple tasks and simple instructions, where there is only incidental contact with the public; and 2) she cannot work where there is exposure to unprotected heights, dangerous machinery, or driving. (Tr. at 24).

The ALJ found that Smith was unable to perform any past relevant work. (Tr. at 28). Next, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Smith's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, such as can filling and closing machine tender and collator operator. (Tr. at 29). Therefore, the ALJ found that Smith was not disabled. *Id*.

## IV. Discussion:

### A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557

F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B. Smith's Arguments on Appeal

Smith argues that substantial evidence does not support the ALJ's decision to deny benefits. She contends that the ALJ did not properly develop the record, he did not afford proper weight to the opinion of her treating physician, and that the RFC did not incorporate her limitations.

Smith suffered from chronic back pain that caused her to walk with a cane. (Tr. at 27). An x-ray from before the relevant time-period showed hypertrophied facet joins but normal disc space and no compression fractures or spondylolisthesis. (Tr. at 384). An MRI of the lumbar spine, performed in February 2015, showed mild early disc disease with no canal stenosis or nerve root compression. (Tr. at 554). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). MRI and EEG of the brain were normal. (Tr. at 519). The only objective testing done in the relevant time-period was related to the heart, and found to be normal. (Tr. at 789).

As for mental impairments, Smith suffered from anxiety and depression. Her symptoms were occasionally severe, but overall, she responded well to medication. She said Cymbalta and Alprazolam helped, and said that depression and anxiety were improved by February 2017. (Tr. at 80, 538, 684-708). Impairments that are controllable or amenable to treatment do not support a

3

finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Moreover, Smith reported that she could do things like shop for groceries, prepare meals, watch TV, drive, and spend time with others. (Tr. at 288-294). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). Smith also told her provider in July 2017 that she enjoyed the babysitting she was doing for a one-year old child. (Tr. at 732).

Smith's primary care doctor, James E. Nolen, M.D., often noted Smith's improvement and positive response to medication. Still, he filled out medical source statements on two occasions, both indicating that Smith could not perform full time work at any level. (Tr. at 572, 734). But his opinion was simply in a check the box form, which is not entitled to as much weight as a well-supported opinion that references medical evidence. *See Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). The opinion is inconsistent with mild objective findings, conservative care, and positive response to treatment. (Tr. at 374, 722). Moreover, Dr. Nolen said that Smith was "disabled for reasons that were not totally clear." (Tr. at 533). This is not convincing evidence. Finally, while Dr. Nolen prescribed a cane and walker in August 2017, just a few months earlier he had noted normal gait and no gross motor defects. (Tr. at 27, 727, 780-781). Physician opinions that are internally inconsistent are entitled to less deference than they would receive in the absence of inconsistencies. *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005). The ALJ had well-articulated reasons to give Dr. Nolen's opinions little weight. (Tr. at 28).

Smith argues that because the state-agency physicians found her impairments to be non-severe, the record was incomplete and the RFC for light work was unfounded. (Tr. at 128-129, 142-144). However, the RFC assessment must be based on "all of the evidence in the record" and even non-severe impairments must be considered. *See Igo v. Colvin*, 839 F.3d 724, 730 (8th Cir.

4

2016). The ALJ considered the state-agency opinions and decided that some of Smith's impairments were in fact severe, based on her own reports of symptoms. In that respect, he gave her the benefit of the doubt. The ALJ's written decision demonstrates that he considered the record as a whole.

An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Id*. The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). The records that Smith provided did not suggest disabling conditions, and the only treating source opinion was inconsistent with the record. The ALJ was not required to seek out evidence more favorable to Smith; the burden of production was hers.

The record as a whole showed mild objective findings, improvement with treatment, and conservative care. The ALJ properly denied benefits.

V. **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The record was fully developed, the ALJ gave proper weight to Dr. Nolen's opinion, and he assigned an appropriate RFC. The finding that Smith was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 11th day of September, 2019.

_____
UNITED STATES MAGISTRATE JUDGE